IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW,)
)
    Plaintiff,)
)
v)    Civil Action No. 07-1585
)
JEFFREY A. BEARD, et al.)    Magistrate Judge Amy Reynolds Hay
)
    Defendants)

## **OPINION**

HAY, Magistrate Judge

Alfonso Percy Pew (plaintiff) seeks leave to proceed in forma pauperis (IFP) in order to file a civil rights complaint in this court, suing Jeffrey Beard and Louis Folino for alleged violations of his First, Eighth, and Fourteenth Amendment rights as well as his rights under RLUIPA and the ADA while incarcerated at SCI-Greene. These alleged violations occurred from September 2006 until October 4, 2006. Complaint at ¶ IV, A. & B.

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, Plaintiff consented to have a United States magistrate judge conduct all proceedings in this case, including the entry of a final judgment. See Dkt. [1-6].

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The court takes judicial notice of court records and dockets of the Federal Courts located in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to

take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has filed at least 29 cases in the three District Courts and at least 14 actions in the Court of Appeals. Those dockets further reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2]

The three strikes that Plaintiff has accumulated are as follows. The first strike is Pew v. Cox, No.93-2041 (3d Cir. order of dismissal filed 3/31/94 which reads in pertinent part "ORDER . . . granting appellant's motion to proceed in forma pauperis. Dismissing appeal pursuant to 28 U.S.C. Section 1915(d). Dismissing the motion for counsel as moot").[3] The second strike is Pew v. Casner, No. 95-7176 (3d Cir. order of dismissal filed 7/31/95 providing as follows:

---

[1] See Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

[3] The pre-PLRA version of 28 U.S.C. § 1915(d) read as follows:

> The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

The language of the Court of Appeals order clarifies any ambiguity from the Court's reference to Section 1915, given that the Court granted Pew's motion to proceed in forma pauperis, so the Court did not dismiss the case on the ground that the allegation of poverty is untrue. Hence, the appeal was dismissed pursuant the clause of former Section 1915(d) which referred to the action being "frivolous or malicious."

2

"Order . . . granting motion for leave to proceed in forma pauperis. The appeal is dismissed as frivolous pursuant to the terms of 28 U.S.C. Section 1915(d)"). The third strike is Percy v. Love, No. 96-7314 (3d Cir. order of dismissal filed 10/24/96 which granted Plaintiff permission to proceed IFP but which provided that the "appeal is dismissed for lack of legal merit pursuant to 28 U.S.C. Section 1915(e)."). [4] Furthermore, the fact that at least two of these strikes occurred before the enactment of the PLRA is no bar to counting them as strikes. Keener v. Pennsylvania Bd. Of Probation and Parole, 128 F.3d 143, 144 (3d Cir. 1997). Accordingly, because Plaintiff has at least three strikes[5] he may not proceed IFP, unless "the prisoner is under imminent danger of serious physical injury" as revealed by the complaint because imminent danger of physical

---

[4] A dismissal for "lack of legal merit" is a dismissal for frivolousness within the meaning of Section 1915(e). See Snyder v. Riggs, 1996 WL 103820, at *4 (E.D. Pa. March 8, 1996) (equating a claim "without legal merit" to a claim that is "frivolous"). Cf. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991)("This circuit has defined a frivolous appeal under section 1915(d) as being one 'without arguable merit.' "). Sun v. Forrester and Snyder v. Riggs were decided prior to the enactment of the Prison Litigation Reform Act and under the prior 28 U.S.C. § 1915(d) which is the antecedent of the current Section 1915(e) & (g). There is no reason to believe that the Sunn v. Forrester and/or Snyder v. Riggs definitions of what is "frivolous" within the meaning of old Section 1915(d) should be any different from the definition of "frivolous" under the new successor Section 1915 (e) & (g). Pratt v. Capozzo, 107 F.3d 873 (Table), 1997 WL 73817, *1 n.2 (7th Cir. 1997) ("On April 26, 1996, during the pendency of this appeal, President Clinton signed into law the Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321, which recodifies § 1915(d) as § 1915(e). The PLRA significantly limits the right to bring actions in forma pauperis, and gives district courts the power under (the new) § 1915(e) to dismiss cases for failure to state a claim, which they lacked before its enactment. However, nothing in the Act or the caselaw interpreting it suggests that the PLRA has otherwise changed the definition of a frivolous suit.")(citations omitted).

[5] In fact, Plaintiff has more than three strikes. Some of the other strikes are as follows: Pew v. Cox, No. 1993-CV-4128 (E.D. Pa. order of dismissal Doc. # 2); Pew v. Pavicic, No. 94-CV-4821 (E.D. Pa. order of dismissal Doc. # 2). Moreover, there is no bar to counting the dismissal of a case in the District Court level as one strike and the dismissal of appeal as frivolous by the Circuit Court of Appeals from the District Court's disposition as a second strike. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996)("both the frivolous appeal and a lower court's dismissal as frivolous count" as strikes); Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997)("A frivolous complaint (or as in this case a complaint that is dismissed under § 1915A for failure to state a claim) followed by a frivolous appeal leads to two "strikes" under 28 U.S.C. § 1915(g)."); Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999)("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

injury must be assessed as of the time of filing the application for leave to proceed IFP and/or the complaint. See Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998)("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

Instantly, the complaint alleges the following:

> Jeffrey A. Beard allowed SCI-Greene CO's [corrections Officers] to physically abuse me into making a legal settlement by assault, nakedness, confinement, spreading of my buttocks, video camera, hard cell, deprival of meals, denial [of] exercise, refusal of prescriptive medication, denial of sick call, doctor, psychologist, deprival [sic] of legal work, prescription eye glasses, basic hygien [sic], life necessities, and property, under constant light illumination, 24/7, given 6 months segregation as punishment in [a] bias[ed] unfair hearing, deprived of showers, water, clothes, the CO's under Jeffrey Beard intimidated me and threatened my life. Louis S. Folino [the Superintendent of SCI-Greene, where Plaintiff was formerly housed prior to coming to SCI-Rockview] allowed subordinate CO's to go unpunished for the actions against me in which I was physically injured. Both Louis S. Folino and Jeffrey conspired to act. (Plaintiff) under imminent danger of serious physical injury.

Complaint at ¶ IV. C.

Viewing Plaintiff's allegations most generously, the court has no hesitancy in concluding that Plaintiff has not met the threshold of showing "an **imminent** danger of serious physical injury" at the time of his filing the complaint, which the court takes to be November 15, 2007, the date whereon he signed his complaint and the IFP application. (emphasis added). See, e.g., Abdul-Akbar v. McKelvie, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). For example, in Abdul-Akbar, a prisoner with three strikes, filed on February 10, 1998, a motion for leave to proceed IFP in a civil rights suit, which alleged that on

January 9, 1998, prison officials arbitrarily sprayed the prisoner with pepper gas and thereafter refused to provide him with medical treatment even though the prison officials knew the prisoner suffered from asthma. The District Court denied the prisoner IFP status based on his three strikes. The prisoner appealed, and the Court of Appeals, en banc, speaking through Judge Aldisert, held that notwithstanding the passage of less than one month, between the incident and the filing of the IFP application, the prisoner plaintiff did not demonstrate imminent danger of serious physical injury. The majority of the Court held such even though the dissent argued that the prisoner was under an ongoing imminent danger of physical injury because he was still subject to the control of the same guards that had sprayed him with the pepper gas.

Instantly, Plaintiff's case is even weaker than the prisoner's case in Abdul-Akbar. Whereas a mere 31 days passed between the pepper spray incident and the prisoner's filing of his IFP application in Abdul-Akbar, here, Plaintiff waited for more than one year to file his IFP application after the alleged wrongdoing by the Defendants in their failure to oversee guards at SCI-Greene. If the danger to the prisoner in Abdul-Akbar was past and not imminent after 31 days, *a fortiori*, the danger to Plaintiff herein had certainly passed and was not "imminent" after more than one year. In addition, unlike the prisoner in Abdul-Akbar, whose complaint alleged a colorable claim that he was under an ongoing imminent danger of bodily injury because he was still subject to the control of the very guards who allegedly sprayed him with pepper gas, Plaintiff's complaint does not make any such similar allegation of ongoing imminent danger. In fact, it has come to the court's attention that Plaintiff was transferred out of SCI-Greene on October 3, 2006 and arrived at SCI-Rockview on or about October 3 or 4, 2006. Because Plaintiff herein has failed to allege any facts that would permit him to proceed IFP, leave to so

5

proceed is properly denied. Of course, Plaintiff is free to pay the entire filing fee of $350.00 in order to have his complaint filed.[6]

An appropriate Order follows.

                                                /s/ *Amy Reynolds Hay*
                                                United States Magistrate Judge

Dated 28 January, 2008

cc:    Alfonso Percy Pew
        BT-7263
        SCI-Rockview
        Box A
        Bellefonte, PA  16823

---

[6] The court notes that Plaintiff sought leave to file a supplemental complaint complaining of events that occurred at SCI-Rockview. Dkt. [2]. In that motion he complains about a Superintendent Tennis, (whom the Court notes is the Superintendent of SCI-Rockview) and a Lieutenant Grice, both of whom allegedly limit Plaintiff's access to mail, and a hearing examiner who allegedly denied Plaintiff a fair disciplinary hearing. Even if these issues were to meet the imminent danger exception and they do not appear to do so, they occurred in an institution that is located in Centre County, i.e., at SCI-Rockview, which is located within the Middle District of Pennsylvania. Plaintiff may seek to file an original complaint in the Middle District if he so desires.